I hereby certify that this document was served by First Class mail postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date. A blank civil rights complaint form was also included for plaintiff.

Dated: _____5/25/11_____

_____
**DEPUTY CLERK**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYRALISA STEVENS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>M. KNOWLES, Warden, et al.,<br><br>　　　　　Defendants. | Case No. CV 08-1674-AHM (OP)<br><br>MEMORANDUM AND ORDER DISMISSING THIRD AMENDED COMPLAINT WITH LEAVE TO AMEND |

## I.
## **PROCEEDINGS**

On March 11, 2008, Lyralisa Stevens ("Plaintiff"), filed a pro se Civil Rights Complaint pursuant to 42 U.S.C. § 1983. On April 7, 2008, Plaintiff filed a petition for writ of mandate and declaratory relief against Defendant Knowles, requesting that she be provided sexual reassignment surgery ("SRS"). (Dkt. No. 3.) On April 21, 2008, Plaintiff filed a First Amended Complaint ("FAC"), seeking identical relief. (Dkt. No. 7.) On October 23, 2008, Defendant Knowles filed a Motion to Dismiss the FAC pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Request for Judicial Notice. (Dkt. Nos. 16-18.) On September 8, 2009, the Court dismissed the FAC with leave to amend and denied

Defendant's Motion to Dismiss as moot. (Dkt. No. 41.)

On February 4, 2010, Plaintiff filed a Second Amended Complaint ("SAC"). (Dkt. No. 51.) Although the Court did not order service of the SAC, Plaintiff served the SAC upon Defendant Knowles. On March 10, 2010, Defendant Knowles filed a Motion to Dismiss the SAC.[1] (Dkt. No. 53.) On March 29, 2010, Plaintiff filed a "Motion for Clarity on Vacation, and Motion for Change of Venue if Court Does not Validate Sufficiency of Evidence Presented in Questions Presented," which the Court construed as Plaintiff's Opposition to the Motion to Dismiss. (Dkt. No. 57.) On June 15, 2010, Defendant Knowles filed a Reply to the Opposition. (Dkt. No. 61.)

On October 29, 2010, the Court issued its Report and Recommendation of United States Magistrate Judge ("Report and Recommendation"), recommending as follows: (1) dismissal of the Second Amended Complaint without leave to amend; (3) denial of Defendant Knowles' Motion to Dismiss as moot; and (3) entry of judgment dismissing the Second Amended Complaint with prejudice as to all Defendants. (Dkt. No. 62.) On November 22, 2010, Plaintiff filed Objections to the Report and Recommendation, along with attached exhibits. (Dkt. No. 64.) Based on the Objections and exhibits, on December 20, 2010, the Court vacated its Report and Recommendation, dismissed the Second Amended Complaint with leave to amend, and denied Defendant Knowles' Motion to Dismiss as moot. (Dkt. No. 65.)

On January 24, 2011, Plaintiff filed a Third Amended Complaint ("TAC"),

---

[1] Plaintiff also named as Defendants B. Collon, SRN; Robert Suiter, Ph.D.; J. Clark Kelso, Receiver; T. Kimura-Yip, Director; Joseph Bick, M.D.; and Veronica Thomas, Ph.D. The Court did not order service of the SAC, and none of these Defendants were served with the SAC. Further, the Office of the Attorney General does not represent these Defendants. As a result, the Motion to Dismiss was made only on behalf of Defendant Knowles. (Mot. to Dismiss at 1, n.1.)

2

along with attached exhibits. (Dkt. No. 68.) On March 1, 2011, Defendant Knowles filed a request that the Court screen the TAC. (Dkt. No. 69.) On March 7, 2011, the Court issued an order indicating that it is currently screening the TAC pursuant to 28 U.S.C. §§ 1915A and/or 1915(e)(2), and denied Defendant's request as moot. (Dkt. No. 71.)

## II.
## STANDARD OF REVIEW

In accordance with the mandate of the Prison Litigation Reform Act of 1995 ("PLRA"), the Court has screened the Second Amended Complaint for the purpose of determining whether the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c)(1). A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's allegations of material fact must be taken as true and construed in the light most favorable to the plaintiff. See Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). When a plaintiff appears pro se, the Court must construe the allegations of the complaint liberally and must afford a plaintiff the benefit of any doubt. See Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has explained the pleading requirements of Rule 8(a)(2) and the requirements for surviving a Rule 12(b)(6) motion to dismiss. See Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929

(2007); Moss v. U.S. Secret Service, 572 F.3d 962 (9th Cir. 2009).

With respect to Plaintiff's pleading burden, the Supreme Court held that while a complaint does not need detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic, 550 U.S. at 553-56 (citations and footnote omitted), abrogating Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957) (dismissal under Rule 12(b)(6) is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."); see also Iqbal, 129 S. Ct. at 1949; Erickson, 551 U.S. at 93; Moss, 572 F.3d at 968.

In order to comply with the requirements of Rule 8(a)(2) and survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Bell Atlantic, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Bell Atlantic, 550 U.S. at 556). This plausibility standard is not a probability requirement, but does ask for more than mere possibility; if a complaint pleads facts "merely consistent with" a theory of liability, it falls short of "the line between possibility and plausibility." Id. (quoting Bell Atlantic, 550 U.S. at 557).

The Supreme Court has set out a two-pronged approach for reviewing possible failure to state a claim. Id. at 1949-50; see also Moss, 572 F.3d at 969-70. First, the reviewing court may identify those statements in a complaint that are actually conclusions, even if presented as factual allegations. Iqbal, 129 S. Ct. at

1949-50.  Such conclusory statements (unlike proper factual allegations) are not entitled to a presumption of truth.  Id.  In this context it is the conclusory nature of the statements (rather than any fanciful or nonsensical nature) "that disentitles them to the presumption of truth."  Id. at 1951.  Second, the reviewing court presumes the truth of any remaining "well-pleaded factual allegations," and determines whether these factual allegations and reasonable inferences from them plausibly support a claim for relief.  Id. at 1950; see also Moss, 572 F.3d at 969-70.

The Court is not concerned at this stage with "whether a plaintiff will ultimately prevail" but with whether he is entitled to offer evidence to support his claims.  See Mohamed v. Jeppesen Dataplan, Inc., 579 F.3d 943, 960 (9th Cir. 2009) (citing Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974)).  However, a complaint which consists of unintelligible, narrative ramblings fails to state a claim for relief.  See McHenry v. Renne, 84 F.3d 1172, 1176-79 (9th Cir. 1996); see also Awala v. Roberts, No. 07-0179 JSW (PR), 2007 WL 174404, at *1 (N.D. Cal. Jan. 22, 2007); Fed. R. Civ. P. 8(a)(1), (2), (d)(1).

Although the scope of review generally is limited to the contents of the complaint, the Court may also consider exhibits submitted with the complaint, Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990), and "take judicial notice of matters of public record outside the pleadings," Mir v. Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988).  Exhibits that contradict the allegations of a complaint may fatally undermine those allegations.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), amended by 275 F.3d 1187 (2001) (a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims.").

///
///
///

# III.

# SUMMARY OF PLAINTIFF'S ALLEGATIONS

Plaintiff is currently incarcerated at the California Medical Facility ("CMF") in Vacaville, California. Defendant Knowles is the previous warden at CMF. Defendant Dickinson is the current warden at CMF. As with the SAC, Plaintiff has named as additional Defendants J. Clark Kelso, Receiver; T. Kimura-Yip, Director; Joseph Bick, M.D.; B. Collon, SRN; Robert Suiter, Ph.D.; and Veronica Thomas, Ph.D. (TAC at 3, 4.)

Based on the allegations in the TAC and the information contained in the attached exhibits, Plaintiff is a male-to-female transgender individual who has been on pre-operative transgender hormonal therapy. Plaintiff previously had surgery to remove a tumor from her brain which was the result of the hormonal therapy she was receiving. She alleges that the failure to discover the tumor sooner was the result of medical negligence. She is at risk of recurring tumors due to the hormonal therapy and seeks relief in the form of sexual reassignment surgery ("SRS").[2] Plaintiff has requested the SRS from prison officials and has been told that such a procedure has never been done at CMF and that there is no policy to provide for it. Plaintiff alleges that the SRS is medically necessary based on the 2010 evaluations of Denise Taylor, M.D., and Lin Fraser, Ed.D.,[3] and the denial of the procedure constitutes cruel and unusual punishment in violation of the Eighth Amendment. (TAC at 5, 6, Ex. A-2 (Taylor Eval. at 12-15, Fraser Eval. at 3, 4).)

The exhibits attached to the TAC confirm that Plaintiff has been under the

---

[2] SRS is defined as the "removal of the male sex organs and construction of female genitalia." See G. B. v. Lackner, 80 Cal. App.3d 64, 66 (1978).

[3] Dr. Taylor's evaluation is dated July 7, 2010. Dr. Fraser's evaluation is dated August 13, 2010. (TAC Ex. A-2.)

6

care of transgender specialist, Lori Kohler, M.D.  In October 2007, Dr. Kohler opined that the ongoing use of high dose estrogen increased Plaintiff's risk for recurrence of the meningioma.  She further opined that SRS would reduce the required dose of estrogen significantly which could minimize the potential for recurrence of meningioma.  In December 2009, Dr. Kohler opined that SRS would confer improved outcomes and quality of life with current low dose of estradiol with minimal risk of tumor recurrence. (Id. Ex. A-2 (Taylor Eval. at 5).)

Dr. Taylor evaluated Plaintiff on June 7, 2010.  Dr. Taylor opined that SRS is a necessary intervention in Plaintiff's case given the severity of her gender identity disorder ("GID"), her prior history of self-harm, and a long life sentence. (Id. Ex. A-2 (Taylor Eval. at 12-15.)  Dr. Fraser evaluated Plaintiff on August 9, 2010.  Dr. Fraser opined that SRS is the medically accepted and necessary next step in the care of Plaintiff, a properly diagnosed transsexual. (Id. Ex. A-2 (Fraser Eval. at 3.)

## IV.

## DISCUSSION

### A. The Third Amended Complaint Is Subject to Dismissal for Failure to State an Eighth Amendment Claim for Deliberate Indifference to Serious Medical Needs.

The Eighth Amendment imposes duties on prison officials to provide humane conditions of confinement by ensuring that inmates receive adequate food, clothing, shelter, and medical care, and must "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994) (citing Hudson v. Palmer, 468 U.S. 517, 526-527, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984)).

To establish an Eighth Amendment claim that prison authorities provided inadequate medical care, Plaintiff must show that Defendant was deliberately indifferent to her serious medical needs. Helling v. McKinney, 509 U.S. 25, 32,

113 S. Ct. 2475, 125 L. Ed. 2d 22 (1993); Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed 2d 251 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997). Deliberate indifference may be manifested by the intentional denial, delay, or interference with a plaintiff's medical care, or by the manner in which the medical care was provided. See Gamble, 429 U.S. at 104-05; McGuckin, 974 F.2d at 1059.

Furthermore, the defendant must purposefully ignore or fail to respond to a plaintiff's pain or medical needs. McGuckin, 974 F.2d at 1060. A plaintiff must allege that, subjectively, the defendant had a "sufficiently culpable state of mind" when medical care was refused or delayed. Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002) (citing Wallis v. Baldwin, 70 F.3d 1074, 1076 (9th Cir. 1995)). A defendant must "both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. An inadvertent failure to provide adequate medical care, mere negligence or medical malpractice, a mere delay in medical care (without more), or a difference of opinion over proper medical treatment, are all insufficient to constitute an Eighth Amendment violation. See Gamble, 429 U.S. at 105-07; Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). Prison officials violate their obligation by intentionally delaying access to medical care. Clement, 298 F.3d at 905 (quoting Gamble, 429 U.S. at 104-05).

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." Gamble, 429 U.S. at 104. Either result is not the type of "routine discomfort [that] is 'part of the penalty that criminal offenders pay for their offenses against society.'" Hudson v. McMillian, 503 U.S. 1, 9, 112 S. Ct. 995, 1000, 117 L. Ed. 2d 156 (1992) (quoting Rhodes v. Chapman, 452 U.S. 337, 347,

101 S. Ct. 2392, 69 L. Ed. 2d 59 (1981)).  The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment, the presence of a medical condition that significantly affects an individual's daily activities, or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment.  McGuckin, 974 F.2d at 1060 (citing Wood v. Housewright, 900 F.2d 1332, 1337-41 (9th Cir. 1990) (dissenting opinion) and Hunt v. Dental Dep't, 865 F.2d 198, 200-01 (9th Cir. 1989)).

As for Defendants Knowles and Dickinson, Plaintiff fails to allege any specific facts in order to support an Eighth Amendment claim against them.  (TAC at 3-6.)  Further, Defendants Knowles and Dickinson cannot be held liable under § 1983 on a theory of respondeat superior or vicarious liability in the absence of a state law imposing such liability.  Monell v. New York City Dep't of Soc. Serv., 436 U.S. 658, 691, 694-95, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1992); Hansen v. Black, 885 F.2d 642, 645-46 (9th Cir. 1989).  A supervisory official may be personally liable under § 1983 only if he or she was personally involved in the constitutional deprivation, or if there was a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.  See Redman, 942 F.2d at 1446-47; Hansen, 885 F.2d at 646; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Thus, the TAC fails to state a claim for relief against Defendants Knowles and Dickinson.

As for Defendants Kelso, Yip, Bick, and Collon, Plaintiff fails to allege any specific facts in the body of the TAC to support an Eighth Amendment claim against them.  (TAC at 5, 6.)  Even considering the information provided as a explanation as to how these Defendants were acting under color of law, Plaintiff alleges that Defendants Kelso and Yip did not consent to Plaintiff's doctors order for the SRS, that Defendant Bick partially granted Plaintiff's request for the SRS

but denied the existence of guidelines that provided for the procedure, and that Defendant Collon reviewed Plaintiff's request for the SRS but also denied the existence of guidelines that provided for the procedure. (Id. at 3, 4.) Such vague allegations do not establish deliberate indifference as to these Defendants. Vague and conclusory allegations are insufficient to state a valid claim for relief. See Bell Atlantic, 550 U.S. at 553-56 (vague and conclusory allegations are insufficient to state a valid claim for relief). Thus, the TAC fails to state a claim for relief against Defendants Kelso, Yip, Bick, and Collon.

As for Defendants Suiter and Thomas, Plaintiff also fails to allege any specific facts in the body of the TAC to support an Eighth Amendment claim against them. (TAC at 5, 6.) Even considering the information provided as a explanation as to how these Defendants were acting under color of law, Plaintiff alleges that they were medically negligent in failing to notice the medications she was taking and failed to notice her brain tumor. (Id. at 3, 4.) As set forth above, mere negligence or medical malpractice are insufficient to constitute an Eighth Amendment violation. See Gamble, 429 U.S. at 105-07; Sanchez, 891 F.2d at 242; Shapley, 766 F.2d at 407. Thus, the TAC fails to state a claim for relief against Defendants Suiter and Thomas.

Next, although the scope of review generally is limited to the contents of the complaint, the Court may also consider exhibits submitted with the complaint, Hal Roach Studios, 896 F.2d at 1555 n.19, and exhibits that contradict the allegations of a complaint may fatally undermine those allegations. Sprewell, 266 F.3d at 988, amended by 275 F.3d 1187. Here, the exhibits attached to the TAC confirm that Plaintiff has been under the care of transgender specialist, Lori Kohler, M.D. In October 2007, Dr. Kohler opined that the ongoing use of high dose estrogen increased Plaintiff's risk for recurrence of the meningioma. She further opined that SRS would reduce the required dose of estrogen significantly which could minimize the potential for recurrence of meningioma. In December 2009, Dr.

Kohler opined that SRS would confer improved outcomes and quality of life with current low dose of estradiol with minimal risk of tumor recurrence. (TAC Ex. A-2 (Taylor Eval. at 5).) As a result, it is clear from these exhibits that as of December 2009, Plaintiff was receiving proper medical care, i.e., regular medical examinations and hormonal treatment for her medical condition, and that it was her desire to obtain SRS not a medical necessity. A difference of opinion over proper medical treatment is insufficient to constitute an Eighth Amendment violation. See Gamble, 429 U.S. at 105-07; Sanchez, 891 F.2d at 242; Shapley, 766 F.2d at 407.

The exhibits attached to the TAC also confirm that Plaintiff was evaluated by Dr. Taylor on June 7, 2010, and by Dr. Fraser on August 9, 2010. Both individuals appear to be experts in treating individuals with GID, transgender, transsexual, and gender dysphoria. Dr. Taylor opined that SRS is a necessary intervention in Plaintiff's case given the severity of her GID, her prior history of self-harm, and a long life sentence. (TAC Ex. A-2 (Taylor Eval. at 12-15).) Dr. Fraser opined that SRS is the medically accepted and necessary next step in the care of Plaintiff, a properly diagnosed transsexual. (Id. Ex. A-2 (Fraser Eval. at 3).) However, there is no indication that the 2010 evaluations were ever presented to any of the Defendants for consideration and rejected. As a result, while these exhibits could plausibly establish a deliberate indifference claim, the allegations in the TAC are insufficient to establish such a claim as to any individual Defendant.

Based on the foregoing, the Court finds that the TAC is subject to dismissal for failure to state an Eighth Amendment claim for deliberate indifference to serious medical needs.

**B.** **Dismissal of the Third Amended Complaint With Leave to Amend Is Warranted**.

If the court finds that a complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez

v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)). However, if after careful consideration it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06.

Five factors are frequently used to assess the propriety of whether leave to amend should be granted: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended his complaint. Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990) (citing Ascon Prop. Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989)). "The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." Ascon Prop., 866 F.2d at 1160; see also Fidelity Fin. Corp. v. Fed. Home Loan Bank, 792 F.2d 1432, 1438 (9th Cir. 1986) (refusing to allow plaintiff to file a fourth amended complaint where "[t]he factual bases of the claims were known to [plaintiff] long before" and the defendant would have been prejudiced); Mir v. Fosburg, 646 F.2d 342, 347 (9th Cir. 1980). Futility alone may be grounds for denying leave to amend. See Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1298 (9th Cir. 1998).

The first two factors of the Rule 41(b) analysis – the public interest in expeditious resolution of litigation and the need to manage the Court's docket – do not weigh in favor of dismissal. The original Complaint was filed in March 2008. Further, Plaintiff was cautioned in the orders dismissing the FAC and SAC with leave to amend that unless she complied with the Court's directions to remedy the

defects in her claims, this action was subject to dismissal for failure to prosecute and/or comply with a court order. (Dkt. Nos. 41 at 16, 65 at 16.) As set forth above, the TAC fails to state an Eighth Amendment deliberate indifference to serious medical needs claim against any individual Defendant. However, based on the attached exhibits, it appears that Plaintiff might be able to state a plausible claim for relief. Thus, the first two factors do not weigh in favor of dismissal.

The third factor – risk of prejudice to Defendants – weighs in favor of dismissal. The Court presumes that Defendants are prejudiced as a result of an unreasonable delay in prosecuting an action. <u>Anderson v. Air West</u>, 542 F.2d 522, 524 (9th Cir. 1976). This action was originally filed in March 2008, and Plaintiff failed to remedy the defects in her FAC and SAC. Further, as more time passes, the more difficult the case will be to defend. Thus, the third factor weighs in favor of dismissal.

The fourth factor – availability of less drastic sanctions – does not weigh in favor of dismissal. The Court attempted to avoid dismissal by allowing Plaintiff the opportunity to remedy the defects in the FAC and the SAC and by cautioning her that unless she complied with the Court's directions to remedy the defects in her claims, this action was subject to dismissal for failure to comply with a court order. Plaintiff again failed to do so. However, based on the attached exhibits, it appears that Plaintiff might be able to state a plausible claim for relief. Thus, the fourth factor does not weigh in favor of dismissal.

Finally, the fifth factor – the public policy in favor of deciding cases on the merits – does not weigh in favor of dismissal. While Plaintiff failed to remedy the defects in the FAC and the SAC, it appears that Plaintiff might be able to state a plausible claim for relief. Thus, the fifth factor does not weigh in favor of dismissal.

Considering all five factors, the Court concludes that dismissal of this action with leave to amend is warranted. Thus, the Court will provide Plaintiff with one

13

final opportunity to comply with the Court's order.

## V.
## <u>ORDER</u>

Based on the foregoing, the Court dismisses the Third Amended Complaint with leave to amend. <u>Cato</u>, 70 F.3d at 1106; <u>Noll</u>, 809 F.2d at 1448.

Plaintiff shall file a Fourth Amended Complaint no later than July 1, 2011. Plaintiff shall submit her Fourth Amended Complaint on the enclosed civil rights complaint form and may attach supporting exhibits. Plaintiff may not use "et al." in the caption but must name each defendant against whom claims are stated. The Clerk is directed to provide Plaintiff with a blank Central District civil rights complaint form. The Fourth Amended Complaint shall not refer to any previously filed Complaints.

**The Court will allow Plaintiff this <u>final</u> opportunity to cure the previous defects and to comply with the Court's order. The Court has provided Plaintiff with sufficient clarity and guidance as to how to cure the defects and comply with the Court's orders. This is Plaintiff's <u>final</u> opportunity to do so. Plaintiff's failure to fully comply with this order <u>shall</u> result in dismissal of the action with prejudice. Fed. Rule Civ. P. 41(b); <u>see also</u> <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that district court may dismiss action for failure to comply with any order of the court).**

**IT IS SO ORDERED.**

DATED: May 25, 2011

HONORABLE OSWALD PARADA
United States Magistrate Judge

14